12/5/2019 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39016410
By: Alize Herrera
Filed: 12/5/2019 3:58 PM

2019-86306 / Court: 164

NO. _____

| | | |
|---|---|---|
| RICHARD SEIDEL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| J. BERNARD SEAFOOD | § | |
| PROCESSING, INC. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Richard Seidel, hereinafter called Plaintiff, complaining of J. Bernard Seafood Processing, Inc., hereinafter called Defendant, and files this, his Plaintiff's Original Petition, and for cause of action would respectfully show unto the Court the following:

I.

Pursuant to the provisions of the Texas Rules of Civil Procedure Rule 190.1, this suit is filed as a Level II and the scope of discovery conducted in this case shall be given pursuant to the conditions of Rule 190.3.

Plaintiff invokes self-authentication rights pursuant to Tex. R. Civ. P. 193.7, and specifically that documents/items made available by opposing party through discovery process may be used at trial and/or in pre-trial proceedings.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of service of this request at the office of the undersigned.

II.

Plaintiff Richard Seidel is a resident of Montgomery County, Texas.

Defendant J Bernard Seafood Processing, Inc. is an entity conducting business in the State

**EXHIBIT "A"**

of Texas and may be served with process through its registered agent, E. James Bernard, Jr., at 1142 Front Street, Cottonport, Louisiana 71327, or wherever he may be found. Issuance of citation is requested at this time.

III.

Venue is proper in Harris County, Texas pursuant to §15.002 of the Civil Practices and Remedies Code as Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

IV.

1.) On or about February 12, 2019, Plaintiff, Richard Seidel, was operating a vehicle in Harris County, Texas, when Bobby Curtis Jackson, while acting in the course and scope of his employment with Defendant J. Bernard Seafood Processing, Inc., failed to control his speed causing a collision that resulted in extensive injuries to Plaintiff.

2.) Bobby Curtis Jackson had the duty to exercise reasonable care in avoiding foreseeable risk of injury to others, including Plaintiff. Bobby Curtis Jackson breached this duty on or about February 12, 2019.

3.) Defendant, J. Bernard Seafood Processing, Inc., at all times material to this lawsuit, was the employer of Bobby Curtis Jackson, and Bobby Curtis Jackson was acting within the course and scope of his employment with J. Bernard Seafood Processing, Inc. at the time of the collision in question. Defendant, J. Bernard Seafood Processing, Inc., is responsible for the conduct of Bobby Curtis Jackson under the master-servant (employer-employee) relationship which existed and under the doctrine of Respondeat Superior. Defendant, J. Bernard Seafood Processing, Inc., is directly and vicariously liable for the acts and omissions of their employee and/or agent who was employed by or in an agency or contractual relationship with it at all times material hereto, and

Plaintiff hereby invokes the doctrine of agency, ostensible agency, apparent authority, actual authority, agency by estoppel and/or ratification with respect to that relationship.

4.) Nothing Plaintiff did caused or contributed to this occurrence. The collision addressed above, and the resulting personal injuries suffered by the Plaintiff were proximately caused by the negligence of Defendant.

V.

Plaintiff would show that on the occasion in question Bobby Curtis Jackson was guilty of various acts, wrongs, omissions, and statutory violations including, but not limited to, the following:

1. Failure to Safely Turn; (Tex. Trans. Code § 545.103)
2. Failure to keep proper lookout; (Texas Driver's Handbook Ch. 13; Tex. Trans. Code § 544.010, 545.151, Federal Motor Carrier Safety Regulations §392.14);
3. Failure to control speed; (Texas Driver's Handbook, Ch. 8, 9; Tex. Trans. Code § 545.351, 545.363, 545.420, Federal Motor Carrier Safety Regulations §392.14);
4. Failure to timely apply brakes; (Texas Driver's Handbook, Ch. 8);
5. Failure to turn to the left or right to avoid accident; (Texas Driver's Handbook, Ch. 13; Tex. Trans. Code § 541.401, 544.003, 544.004, 544.010, 545.051, 545.060, 545.151, 545.142, 545.153, 545.154, 545.155, 545.256);
6. Reckless Driving; (Tex. Trans. Code § 545.401); and

Each of these acts, omissions, and/or statutory violations, singularly or in combination with others, constituted negligence, which proximately caused the collision and the injuries and damages for which Plaintiff suffers.

VI.

Plaintiff would further show that the Defendant is negligent as a matter of law because of violations of the TEXAS TRANSPORTATION CODE and the FEDERAL MOTOR CARRIER SAFETY REGULATIONS. Such statutory violations by Defendants are negligence per se.

VII.

As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered severe bodily injuries.

VIII.

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

IX.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, Plaintiff sustained all or some of the following elements of damage:

1. Severe physical pain and mental anguish - past;
2. Severe physical pain and mental anguish - future;
3. Medical expenses - past;
4. Medical expenses - future;
5. Physical impairment - past;
6. Physical impairment – future;
7. Physical disfigurement – past;
8. Physical disfigurement – future;
9. Lost wages – Past
10. Lost Earning Capacity - Future

In this connection, as a result of such injuries and damages, Plaintiff would show the Court and Jury that the damages sought are within the jurisdictional limits of this Honorable Court, for which he sues the Defendant herein.

X.

Plaintiff seeks monetary relief of over $200,000.00 but not more than $1,000,000.00.

XI.

Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

XII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant answer herein, that upon a trial of this cause, he have and recover of and from the Defendant, judgment for his damages as alleged herein, that he have such judgment with pre-judgment interests, costs of suit and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

HOPE & CAUSEY, P. C.

Derek M. Causey
State Bar No. 24073490
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 – Telecopier
derek@hope-causey.com
hcdocket@hope-causey.com

ATTORNEYS FOR PLAINTIFF

CAUSE NO.   201986306

RECEIPT NO.            75.00    CTM
  ..........            TR # 73702508

PLAINTIFF: SEIDEL, RICHARD
   vs.
DEFENDANT: J BERNARD SEAFOOD PROCESSING INC

In The   164th
Judicial District Court
of Harris County, Texas
164TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: J BERNARD SEAFOOD PROCESSING INC BY SERVING ITS REGISTERED AGENT
    E JAMES BERNARD JR
    OR WHEREVER HE MAY BE FOUND

    1142 FRONT ST   COTTONPORT LA 71327

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 5th day of December, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 6th day of December, 2019, under my hand and seal of said Court.



Issued at request of:
CAUSEY, DEREK MICHAEL
PO BOX 3188
CONROE, TX 77305
Tel: (936) 441-4673
Bar No.: 24073490

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HERRERA, ALICE M  H3K//11304931

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____        ADDRESS

(a) ADDRESSEE                         Service was executed in accordance with Rule 106
                                      (2) TRCP, upon the Defendant as evidenced by the
                                      return receipt incorporated herein and attached
                                      hereto at

                                      on _____ day of _____, _____
                                      by U.S. Postal delivery to _____

                                      This citation was not executed for the following
                                      reason: _____

                                      MARILYN BURGESS, District Clerk
                                      Harris County, TEXAS

                                      By _____ , Deputy